# DISTRICT COURT FOR THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **EJP, LLC** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **BANCO POPULAR DE PUERTO RICO** | : | **NO. 25-00013** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                              **December 16, 2025**

Plaintiff EJP, LLC and defendant Banco Popular de Puerto Rico had an agreement for the sale of property on St. Croix. They did not complete the deal. EJP accuses Banco Popular, the seller, of breaching the agreement. Banco Popular claims the deal fell through because EJP, the buyer, was unable to close within the time fixed in the agreement.

Banco Popular moves for judgment on the pleadings.[1] It argues EJP's complaint does not allege facts showing that Banco Popular breached the agreement or any duty of good faith and fair dealing. We agree.

The allegations in the complaint show that Banco Popular did not breach the agreement. As alleged in its complaint, EJP did not close because it did not secure financing. But, the agreement provided that the sale was not contingent on financing. Therefore, we shall grant Banco Popular's motion and enter judgment for Banco Popular.

---

[1] EJP, acknowledging the Civil Rights Act of the Virgin Islands only applies to persons, withdrew its cause of action for violations of the Act. Pl.'s Opp'n Mot. J. Pleadings ["Pl.'s Opp'n"] ¶ 3, ECF No. 12.

## Background[2]

In 2019, Banco Popular obtained a final judgment of foreclosure on a property described as Units 1 and 2 of the Estate Mount Welcome, in St. Croix, U.S. Virgin Islands.[3] EJP and the original borrowers entered into an assignment agreement, assigning the right to redeem the property to EJP.[4] EJP and Banco Popular entered into discussions to facilitate the redemption and transfer the property to EJP. On March 7, 2022, after the time to redeem the property had expired, EJP and Banco Popular entered into a Purchase and Sale Agreement to convey the property to EJP for a purchase price of $740,000.[5]

EJP sought financing secured by the property. It arranged for an appraisal of the property. When the appraiser, who had flown from Florida to St. Croix, attempted to enter the property, a holdover tenant refused him access, preventing the appraisal.[6]

It took over a year for Banco Popular to evict the tenant. Finally, on July 26, 2023, it evicted the tenant and gained access to the property.[7] In the meantime, on May 18, 2023, the parties agreed to extend the closing date from June 6, 2022 to October 31, 2023.[8]

---

[2] The facts are as recited in the complaint ["Compl."], ECF No. 1-1. We accept them as true and draw all inferences in favor of EJP.

[3] Compl. ¶¶ 4, 8.

[4] *Id.* ¶ 9.

[5] *Id.* ¶¶ 10-14; Purchase and Sale Agreement ["Purchase Agreement"] at 1, ECF No. 1-1.

[6] *Id.* ¶¶ 22-23, 26-28.

[7] *Id.* ¶ 33.

[8] *Id.* ¶ 31; Closing Date Extension Addendum ["Extension Addendum"], ECF No. 1-1. EJP argues Banco Popular failed to notify EJP the extension had been executed and did not deliver a copy of it until

In October 2023, EJP's lender left two voicemails with Banco Popular requesting a five- or six-week extension, citing the eviction proceedings as the reason for the delay in completing the financing.[9]  Banco Popular did not respond.  In November, after the closing date had passed, the lender sent two emails to Banco Popular again requesting an extension.  Banco Popular denied the request on December 1, 2023.[10]

On January 17, 2024, Banco Popular sent a letter to EJP requesting its consent to cancel the agreement.[11]  Instead, even though the closing date had expired, EJP's counsel demanded Banco Popular comply with the contract.[12]  Banco Popular did not respond.

EJP filed its complaint in the Superior Court of the Virgin Islands on January 13, 2025.  Banco Popular timely removed the case to this court.

## Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed "under the same standards that apply to a Rule 12(b)(6) motion." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022) (quoting *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019)).  To succeed, the movant must establish that there are no material issues of fact and that it is entitled to judgment as a matter of law. *Bedoya v. Am. Eagle Express Inc.*, 914 F.3d 812,

---

June 16, 2023.  The facts do not show the delay altered the parties understanding that the new closing date was October 31, 2023.

[9] Compl. ¶ 34.

[10] *Id.* ¶¶ 35-38.

[11] *Id.* ¶ 39.

[12] *Id.* ¶¶ 40-41.

3

816 n.2 (3d Cir. 2019) (quoting *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)).  If a material issue of fact arises from the pleadings, the motion must be denied.  *Wolfington*, 935 F.3d at 195.  The motion can be granted only if the non-movant cannot prevail under any set of facts that could be proved.  *Wolf v. Ashcroft*, 297 F.3d 305, 307 (3d Cir. 2002); *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001).

In deciding a motion for judgment on the pleadings, we accept as true all the well-pleaded factual assertions in the non-movant's pleadings and draw all reasonable inferences from them in favor of the non-moving party.  *Bibbs*, 43 F.4th at 339 (quoting *Allstate Prop. & Cas. Ins. Co. v. Squires*, 667 F.3d 388, 390 (3d Cir. 2012)); *Wolfington*, 935 F.3d at 195.

**Analysis**

To state a breach of contract cause of action, EJP must allege facts establishing four elements: (1) an agreement; (2) a duty created by the agreement; (3) a breach of the duty; and (4) damages.  *Agueda v. Marcano*, 79 V.I. 533, 543 (V.I. 2024) (quoting *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 621 (V.I. 2017)).

The parties do not dispute that a valid contract was formed on March 7, 2022 and the closing date was extended to October 31, 2023.[13]  Nor do they dispute that EJP was unable to close for lack of financing, and its appraiser had been unable to gain access to the property prior to July 26, 2023.  The issue is whether EJP has pled sufficient facts, which if proven, would establish that Banco Popular breached an express or implied duty under the agreement.

---

[13] Def. Banco Popular de Puerto Rico's Mot. J. Pleadings ["Def.'s Mot."] at 4, ECF No. 4; Pl.'s Opp'n ¶¶ 16-17.

*The Express Terms of the Agreement*

In analyzing the motion, we may consider documents attached to the complaint and those incorporated by reference in the complaint. Thus, we consider the Purchase and Sale Agreement and the Closing Date Extension Addendum which are attached to EJP's complaint.

In the complaint, EJP makes the conclusory statement that Banco Popular breached the express terms of the contract.[14] It alleges no facts to support that conclusion. On the contrary, the alleged facts establish that Banco Popular did not breach the contract.

The terms of the agreement are clear and unambiguous. First, the agreement specifically provided that the sale was not contingent on EJP receiving financing.[15] Second, the agreement did not require the seller (Banco Popular) to evict the tenant. It had no obligation to deliver a vacant property.[16] That Banco Popular took steps to evict the tenant did not modify the contract terms. Nor did its having agreed to a five-month extension nullify those two provisions.

The agreement called for closing within 90 days. Because EJP and its appraiser could not gain access to the property to complete the appraisal, EJP could not secure financing to complete the closing.

---

[14] Compl. ¶ 42.

[15] Purchase Agreement at 2 ("2. Purchase Price and Method of Payment. E. The obligations of the Buyer under this Agreement are not contingent on receipt of any financing.").

[16] *Id.* at 3 ("5. Possession. Buyer acknowledges the existence of tenants on the Property and Seller shall not be required to evict any tenant prior to Closing.").

The inability to obtain financing does not excuse EJP's failure to close. The sale was not contingent on financing. Banco Popular did not breach the agreement. EJP did.

*Implied Duty of Good Faith and Fair Dealing*

Under Virgin Islands law, every contract imposes an implied duty of good faith and fair dealing upon the parties. *Agueda*, 79 V.I. at 552. The duty "limits the parties' ability to act unreasonably in contravention of the other party's reasonable expectations." *Id.* (quoting *Chapman v. Cornwall*, 58 V.I. 431, 441 (V.I. 2013)). "[G]ood faith means faithfulness to an agreed common purpose and consistency with the justified expectations of the other party; it excludes a variety of types of conduct characterized as involving 'bad faith' because they violate community standards of decency, fairness or reasonableness." *Agueda*, 79 V.I. at 552 (quoting *Matthews v. R&M Gen. Contractors, Inc.*, 72 V.I. 583, 594 (V.I. Super. Ct. 2020)).

To state a cause of action for breach of the implied duty of good faith and fair dealing, EJP must allege that in the performance or enforcement of the purchase agreement, Banco Popular engaged in conduct that was fraudulent, deceitful or otherwise inconsistent with the purpose of the agreement or the reasonable expectations of the parties. *Agueda*, 79 V.I. at 552 (citing *Roebuck v. V.I. Hous. Auth. & Gov't of the V.I.*, 60 V.I. 137, 146 (V.I. Super. Ct. 2014)).

"The implied duty of good faith and fair dealing is limited by the original bargain… prevent[ing] a party's acts or omissions that, though not proscribed by the contract expressly, are inconsistent with the contract's purpose and deprive the other party of the contemplated value." *Agueda*, 79 V.I. at 552. Where the contract terms are clear, the implied duty of good faith and fair dealing will not supersede the contract's express

language. *Alpha Energy v. GEC, LLC*, 1:18 Civ. 58, 2024 WL 1138772, at *16 (D.V.I. Mar. 15, 2024) (quoting *Fields v. Thompson Printing Co., Inc.*, 363 F.3d 259, 272 (3d Cir. 2004)).

EJP contends that Banco Popular was aware of EJP's need for financing, the holdover tenant delayed the appraisal, Banco Popular delayed delivery of a copy of the executed extension agreement which "delayed Plaintiff's professionals from proceeding,"[17] and the lender's requests for an extension went unanswered before ultimately being denied.[18]

To the extent EJP implies the agreement was amended, the only written amendment was the extension of the closing date. The integration clause precludes EJP from asserting that the agreement was otherwise amended.[19] *See Phillips v. Andrews*, 332 F. Supp. 2d 797, 804 (D.V.I. 2004), *aff'd*, 128 F. App'x 935 (3d Cir. 2005) ("[E]xpress language within an agreement that specifies the intent of the parties to limit their terms to the agreement must ultimately be given effect."); *Finley v. Mole*, Civil No. 2014-52, 2015 WL 1541126, at *5 (D.V.I. Apr. 1, 2015).

Nowhere in the complaint are there facts that show Banco Popular acted in a fraudulent or deceitful manner. Banco Popular was not bound to grant an extension of the closing date. It did not mislead or interfere with EJP's rights under the agreement. It simply insisted on compliance with the terms of the agreement.

EJP complains that Banco Popular did not return the lender's phone calls seeking

---

[17] Pl.'s Opp'n ¶¶ 10-12.

[18] *Id.* ¶¶ 13-14.

[19] Purchase Agreement at 7.

7

an extension of the closing date.  Banco Popular had no duty, express or implied, to extend the closing date a second time.  Indeed, in the Purchase and Sale Agreement, the parties acknowledged that Banco Popular was "desirous of selling the Property on a shortened closing schedule."[20]

## Conclusion

Viewing the facts alleged in the complaint and drawing all reasonable inferences in the light most favorable to EJP, we conclude the facts establish that Banco Popular did not breach the agreement or any implied duty of good faith and fair dealing.  Therefore, Banco Popular is entitled to judgment as a matter of law.[21]

---

[20] Purchase Agreement at 1.

[21] Apparently, EJP and related parties have a long-standing relationship with Banco Popular.  If so, in the interest of good relations, Banco Popular may consider returning the deposit money to EJP. *See* Compl. ¶ 15 ("The Plaintiff's principals have a long-standing relationship with Defendant, including deposit accounts and successful business loans through various entities.").